UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-37590-C-7
)
EDWARD BURNELL, ) MC No. TJS-1
)
      Debtor. )
)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtor filed his voluntary chapter 7 petition on October 14, 2005. He scheduled a 2002 Hyundai Santa Fe ("vehicle") as property of the estate. The first meeting of creditors was held on December 19, 2005. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. The court observes that debtor was discharged from all dischargeable debts on February 22, 2006.

On January 26, 2006, Capital One Auto Finance, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $10,290. Movant holds a lien on the vehicle in the approximate amount of $11,268.63. The court is not aware of any other liens against the vehicle. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtors *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with

respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtor does not appear to have any equity in the vehicle, since the debtor was granted a discharge, the motion for relief from the automatic stay is moot as to the debtor. Thus, the motion will be denied.

However, because the chapter 7 trustee filed a no asset report, and filed no opposition to the motion, the motion will be granted as to the trustee.

An appropriate order will issue.

Dated: March 3, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Edward Burnell
1455 Cornucopia Place
Tracy, CA 95377

Christina E. Ciu
3300 E. Castro Valley Blvd. #A
Castro Valley, CA 94552

John Roberts
P.O. Box 1506
Placerville, CA 95667

Timothy J. Silverman
Soloman, Grindle, Silverman & Spinella
12651 High Bluff Drive, Suite 300
San Diego, CA 92130

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 3/6/06

_____
Deputy Clerk
R. Lopez